IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jerry W. Nelson, ) | |
| ) | Civil Action No. 6:12-2029-JFA-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| South Carolina Department of ) | |
| Corrections and Nurse Toby Markowitz, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the plaintiff's motion for summary judgment (doc. 25) and the defendants' motions for summary judgment (docs. 43, 44). The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff filed a motion for summary judgment on September 21, 2012, to which defendant South Carolina Department of Corrections ("SCDC") filed a response on October 8, 2012, and defendant Nurse Toby Markowitz[1] filed a response on October 9, 2012. Defendant Markowitz filed a motion to dismiss or, in the alternative, for summary judgment (doc. 43) on December 11, 2012. On that same date, defendant SCDC also filed a motion for summary judgment (doc. 44). On December 11, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment

---

[1]The plaintiff improperly identified this defendant as "Nurse Marco Wentz" in the caption of the complaint (*see* doc. 20 at p. 2).

procedure and the possible consequences if he failed to respond adequately to the motions. The plaintiff filed his response to both motions on December 21, 2012.

## **FACTS PRESENTED**

The plaintiff is currently incarcerated in the Special Management Unit ("SMU") of Lieber Correctional Institution serving 20 years for assault and battery with intent to kill. In his complaint, which he filed on June 29, 2012, in state court,[2] the plaintiff alleges causes of action for medical malpractice, deliberate indifference to a serious medical need, and negligence, claiming that Nurse Markowitz gave him the wrong medication on April 29, 2011.[3] The plaintiff claims Nurse Markowitz required him to walk to the back of the cell before he would leave the medication. He alleges he tried to tell Nurse Markowitz that he left the wrong medication, but he was ignored (doc. 1-3 at pp. 9-10). The plaintiff does not allege any injury or harm actually befell him by Nurse Markowitz's alleged failure. The plaintiff claims that "if [he] had taken this Four pills which wasn't his," he would have been put at "substantial Risk" for serious medical issues (*id.* at p. 9). The plaintiff further alleges that Nurse Markowitz refused to provide him with his medication, Baclofen, which he had been prescribed for a broken, dislocated shoulder and which was supposed to be taken three times a day (*id.* at p. 11). He does not state on what dates he was not given this medication. The plaintiff seeks an injunction ordering Nurse Markowitz to stop giving him the wrong medication and to stop depriving him of the medication he has been prescribed. He also seeks compensatory and punitive damages (*id.* at p. 12).

Defendant Markowitz is a registered nurse who works at Lieber (doc. 43-1, Markowtz aff. ¶¶ 3-4). He is employed by an independent medical staffing company, Allied Medical Staffing (doc. 44-3, Donna Amick aff.). In support of his motion for summary

---

[2]The matter was removed to this court by the defendants on July 20, 2012.

[3]As will be discussed further below, the plaintiff's grievances allege Nurse Markowitz gave him the wrong medication on January 4, 2011.

2

judgment, defendant Markowtitz submitted his time sheet showing that he did not work on January 4, 2011, or April 29, 2011 (doc. 43-2 at pp. 1-2).

On January 27, 2011, Associate Warden for Operations Fred B. Thompson issued a memorandum to Lieber staff and inmates regarding the procedure for all SMU inmates receiving medication. The memorandum provides that an SMU inmate receiving medication will be first instructed by a corrections officer to retreat to the back of the cell. When the inmate has complied, the window will be unlocked, and the nurse will then put the medication into a cup and put it between the bars. The inmate will then be instructed to proceed to the front of the cell to collect his medication, and the window will be re-secured (doc. 44-4).

In support of his response to the defendants' motions for summary judgment, the plaintiff submitted a portion of his SCDC medical records for the period between April 15, 2010, and May 13, 2011 (doc. 47-1). The records show that the plaintiff received a renewal of his prescription for Baclofen on April 26, 2010 (*id.*, Encounter #236).

Defendant SCDC submitted a portion of the plaintiff's SCDC medical records showing that plaintiff often acted out and refused to follow directions during medication distribution during the time period immediately preceding the filing of the plaintiff's complaint. James Brandfass, RN[4] reported on May 2 and 5, 2012, that pills were not given to the plaintiff because he refused to follow directions (doc. 44-7, Encounter #304, 305). Then, on May 10, 2012, Nurse Markowitz began reporting similar incidents (*id.*, Encounter #306). Nurse Markowitz reported that the plaintiff became abusive and threatening during pill pass. He would not follow directions from the officer who told him to step to the back of the cell so that he could receive his medications. Accordingly, the plaintiff was not given

---

[4]The plaintiff also filed a complaint in state court against Nurse Brandfass, which was removed by the defendant to this court, alleging that Nurse Brandfass refused to give him his medication. *See Nelson v. Brandfass*, 6:12-cv-1908-JFA. The Honorable Joseph F. Anderson, Jr., United States District Judge, recently granted summary judgment to the defendant in that case.

his medication on that date (*id.*). Nurse Markowitz recorded a similar incident on May 15, 2012 (*id.*, Encounter #307). On this occasion, the inmate would not follow directions and became abusive and threatening once again. The pills were again not distributed because of this behavior (*id.*). Similar incidents continued to occur, including on May 27, 2012 (*id.*, Encounter #309). The plaintiff was again denied his medication on June 12, 2012, because he refused to step away from the door of his cell as the officer instructed him to do (*id.*, Encounter #314). On June 14, 2012, his pills were given to him, but he refused to receive them (*id.*, Encounter #317). The plaintiff refused his medication again on June 21, 2012 (*id.*, Encounter #319). On July 8, 2012, plaintiff was not given his pills, and a refusal was documented because he would not back away from the window as required by SCDC policy (*id.*, Encounter #323). The records indicate that the plaintiff then became verbally abusive and threatening (*id.*). Another documented refusal occurred on July 15, 2012, when the plaintiff demanded that the pills be handed to him by Nurse Dehart, RN, instead of being set on the windowsill of the cell, in compliance with SCDC protocol (*id.*, Encounter #324). On July 28, 2012, Nurse Brandfass placed the plaintiff's medication in a cup on the windowsill, and the plaintiff rushed the window and threw the pill on the floor (*id.*, Encounter #326).

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining

whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

***Failure to Exhaust***

The plaintiff alleges in his complaint that defendant Markowitz gave him the wrong medication on **April 29, 2011**. However, he attached to his complaint a Step 1 grievance (No. LCI 0191-11), in which he claimed that Nurse Markowitz gave him the wrong prescription pills on **January 4, 2011** (doc. 1-3 at p. 16). On April 18, 2011, the Inmate Grievance Coordinator responded, "Due to Time restraints for responses and current volume of grievances, see Warden for response for decision" (*id.*). The plaintiff also attached to his complaint a Step 2 grievance (No. LCI 0191-11) stating that he did not accept the Warden's decision. The Step 2 grievance was signed by the plaintiff and

5

delivered to the SCDC on **April 29, 2011** (*id.* at p. 15). The response to the Step 2 grievance states in part, "After reviewing your grievance regarding your complaint that you were issued the wrong medications by Nurse Marco on **4/29/11**. This matter has been taken care of by the HCA at Lieber medical. . . ." (*id.*). The allegations in the plaintiff's complaint are the same as those raised in his grievances; however, the alleged dates are different (January 4, 2011 vs. April 29, 2011).[5]

        Both defendants argue that the plaintiff has failed to exhaust his administrative remedies regarding any allegations that he was given the wrong medication on April 29, 2011. They also argue that the plaintiff failed to exhaust his administrative remedies because he did not appeal the denial of his Step 2 grievance regarding the alleged events of January 4, 2011. Courts within the District of South Carolina have found an inmate exhausts his administrative remedies when he completes Step 2 of the SCDC grievance procedure, and Section 1997e(a) of the Prison Litigation Reform Act does not require inmates to further appeal to South Carolina's Administrative Law Court. *See Catoe v. Byrnes*, C.A. No. 9:12-3144-JFA-BM, 2013 WL 1281934, at *1 n.1 (D.S.C. Jan. 29, 2013); *Ayre v. Currie*, C.A. No. 0:05–3410-HMH-BM, 2007 WL 3232177, at *7 n. 5 (D.S.C. Oct. 31, 2007). Accordingly, the plaintiff has clearly exhausted his administrative remedies

---

[5] It appears that the plaintiff may have mistakenly used the date of his Step 2 grievance - which is also the date referenced in the response to the Step 2 grievance - as the incident date in his complaint. The plaintiff's response in opposition to the defendants' motions for summary judgment does nothing to clear up the confusion:

> Plaintiff Nelson has given the date, time and month, year, what day of the week that RN Marco Wentz issued him the wrongful medication upon the grievance filed here at Lieber C.I. and those filing of grievances, what note is are proof, the evidence, what more proof is need. If defendant counsel is that ignored and can't see the month, date, year listed on the grievance then he should not be practicing law as a lawyer. The date 1-4-2011 and 4-29-2011. See the Grievances attached.

(Doc. 47 at p. 9).

regarding the alleged events of January 4, 2011. Furthermore, given the foregoing confusion as to the date of the alleged incident(s), dismissal on this basis is inappropriate, and the undersigned will consider the plaintiff's allegations on the merits.

### *Deliberate Indifference to Serious Medical Needs*

The plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs. Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble,* 429 U.S. 97,102 (1976). This obligation arises from an inmate's complete dependency upon prison medical staff to provide essential medical services. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104. As such, "an inadvertent failure to provide adequate medical care" will not comprise an Eighth Amendment breach. *Id.* at 105-106.

In order to state a claim, "[a] plaintiff must satisfy two elements . . . : he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir. 1987). With regard to the objective component, a medical need is "serious" if "it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990). "Plaintiffs must also show the subjective component-deliberate indifference. An officer is deliberately indifferent only when he 'knows of and disregards' the risk posed

7

by the serious medical needs of the inmate." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (*citing Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Mere negligence or malpractice does not violate the Eighth Amendment. *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). Moreover, disagreements between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

The plaintiff alleges that Nurse Markowitz was deliberately indifferent to his serious medical needs by giving him the wrong medications. Whether the allegations relate to January 4 or April 29, 2011, a combination of these dates, or any other dates, the plaintiff has failed to show that the actions, or inaction, of the defendants rose to the level of a constitutional violation. He does not allege any injury or harm actually befell him as a result of Nurse Markowitz's giving him the wrong medications. The plaintiff alleges in his complaint that "if [he] had taken this Four pills which wasn't his," he would have been put at "substantial Risk" for serious medical issues (doc. 1-3 at p. 9). Moreover, Nurse Markowitz has submitted evidence showing that he did not work on either January 4 or April 29, 2011 (doc. 43-2).

Additionally, the plaintiff claims that he was treated unfairly by Nurse Markowitz because he was asked to retreat to the back of his cell prior to his medication being left for him, and he claims that Nurse Markowitz refused to provide him with his medication on an unspecified date(s). However, the evidence shows that the plaintiff was aware of the procedure for receiving his medication, and Nurse Markowitz followed the procedure set forth by Associate Warden Thompson for the safe delivery of medication to SMU inmates (doc. 44-4; doc. 43-1, Markowtiz aff. ¶ 8; doc. 44-7). Furthermore, the medical records contain several examples of the plaintiff's failures to comply with the proper safety procedures and refusals of his medications, the lack of which (medications) appear to have not caused him any injury or harm whatsoever (*see generally* doc. 44-7). *See*

*Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment.").

Based upon the foregoing, the plaintiff has failed to show that his Eighth Amendment rights were violated.  To the extent the plaintiff seeks to hold SCDC liable in a supervisory capacity on this claim, the doctrine of respondeat superior generally is inapplicable to Section 1983 suits. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977).  Furthermore, the plaintiff's allegations of medical malpractice and negligence are not actionable under Section 1983. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").  Accordingly, summary judgment should be granted on this claim.

### *State Law Claims*

In his complaint, the plaintiff states that the instant action was brought under the South Carolina Tort Claims Act (doc. 1-3 at p. 7). Further, in his own motion for summary judgment, the plaintiff states that the action is brought under the South Carolina Tort Claims Act for gross negligence and medical malpractice (doc. 25 at p. 2).  Having found that the defendant is entitled to summary judgment regarding the plaintiff's constitutional claim, it is recommended that the court decline to exercise supplemental jurisdiction the plaintiff's claims for relief asserted pursuant to state law. *See* 28 U.S.C. § 1367(c)(3). *See also Johnson v. Ozmint*, 456 F.Supp.2d 688, 698 (D.S.C. 2006) (granting summary judgment to defendants on federal claims and remanding claims under South Carolina Tort Claims Act to state court).

**CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motions for summary judgment (docs. 43, 44) be granted and the plaintiff's motion for summary judgment (doc. 25) be denied.  The Clerk of Court is directed to amend the caption to reflect the correct spelling of the name of defendant Nurse Toby Markowitz, who was incorrectly identified as "Nurse Marco Wentz" in the plaintiff's complaint (*see* doc. 20 at p. 2).

IT IS SO RECOMMENDED.

April 12, 2013                                                                           s/ Kevin F. McDonald
Greenville, South Carolina                                                  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).