IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerry W. Nelson, | ) | C/A No.:   6:12-2029-JFA-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| South Carolina Department of Corrections; and | ) | |
| Nurse Toby Markowitz, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

The *pro se* plaintiff, Jerry Nelson, brings this action pursuant to 42 U.S.C. § 1983

contending that the defendants violated his constitutional rights by allegedly giving him the

wrong medication.  Nelson is an inmate with the South Carolina Department of Corrections

(SCDC) and during all times relevant to the complaint, he was housed in the Special

Management Unit (SMU) of Lieber Correctional Institution.  The defendant removed this

action to federal court based on federal subject matter jurisdiction.

The Magistrate Judge assigned to this action[1] has prepared a Report and

Recommendation wherein he suggests that this court should grant the defendants' motions

---

[1]  The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

for summary judgment.[2]   The Report sets forth in detail the relevant facts and standards of

law on this matter, and the court incorporates such without a recitation and without a hearing.

The parties were advised of their right to file objections to the Report and

Recommendation and the plaintiff filed timely objections thereto.  The court has conducted

the required *de novo* review of the plaintiff's objections and finds them to be without merit.

Plaintiff complains that defendant Nurse Markowitz gave him the wrong medication

on April 29, 2011.  The plaintiff does not allege any injury or harm by the defendant's

alleged failure.  At Lieber's SMU, the Warden's directive requires that during medication

administration, an inmate must step back from the cell door flap, remain at a distance while

the medical staff places the medication in the cell flap, and then the inmate can retrieve the

medication.  This procedure is performed for the safety and security of the medical staff as

a result of previous assaults by inmates through the cell flap during medication

administration.

The plaintiff asserts that on April 29, 2011, defendant Markowitz gave him the wrong

medication and then refused to provide him with his medication.    The plaintiff had

previously filed a grievance against Markowitz contending that he had given the plaintiff the

wrong prescription on January 4, 2011.  Defendant Markowitz avers that he did not work on

January 4, 2011 or April 20, 2011, the two days in question.

In its motion for summary judgment, defendant SCDC notes numerous incidents

---

[2]  An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment.  Plaintiff responded to the motions.

whereby the plaintiff had refused to comply with the instructions to step back in his cell prior to receiving medication, resulting in the denial of medication. Other times, the plaintiff was not given his medication because he became abusive and threatening or refused to receive the actual medication.

This court agrees with the Magistrate Judge's opinion that the plaintiff has failed to show that his Eighth Amendment rights were violated. Further, the plaintiff's allegations of medical malpractice and negligence are not actionable under § 1983. *Estelle v. Gamble*, 429 U.S. 97 (1976). Additionally, this court agrees with the Magistrate Judge that the court should decline to exercise supplemental jurisdiction over the plaintiff's claims for relief under the South Carolina Tort Claims Act.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference.

Accordingly, defendant Markowitz's motion for summary judgment (ECF No. 43) is granted; defendant SCDC's motion for summary judgment (ECF No. 44) is granted and this action is dismissed with prejudice. The plaintiff's motion for summary judgment (ECF No. 25) is denied.

IT IS SO ORDERED.

June 4, 2013                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                  United States District Judge

3